Argued and submitted April 23, remanded with
instructions June 23, 1980

In the Matter of the Marriage of
GURSKI,
*Respondent,*
*and*
GURSKI,
*Appellant.*

(No. 78-1589-E, CA 16395)

613 P2d 59

James A. Norman, Judge Pro Tempore (Show Cause Order).

E. R. Bashaw, Medford, argued the cause and filed the brief for appellant.

Richard V. Kengla, Grants Pass, argued the cause for respondent. With him on the brief was Kengla, Cromwell & Hess, Grants Pass.

Before Richardson, Presiding Judge, Thornton, Judge, and Schwab, Chief Judge.*

THORNTON, J.

---

* Schwab, C. J., *vice* Buttler, J.

## THORNTON, J.

Husband appeals from the financial provisions of the decree dissolving the marriage between the parties.

On appeal he assigns the following as errors:

1)  Awarding of $220 per month permanent spousal support.

2)  Awarding wife $20,000 as her share of the marital estate.

3)  Failing to set aside the decree for the purpose of considering later developed evidence of wife's navy "annuity."

The essential facts are as follows:

The couple was married in March, 1975. At the time of the marriage husband was 71 and wife 64. Both were widowed. Husband was a retired Navy noncommissioned officer. Wife was a retired Navy civilian employe. The parties were married approximately four and one-half years, but lived together only about three years and eight months.

At the time of the marriage husband had accumulated assets of $154,000. At separation, those assets were worth $150,000. In addition, husband's Navy retirement, city retirement and Social Security plus rental income brings him between $1,600 and $1,800 per month.

At the time of the marriage wife's assets consisted of her furniture, her automobile, a Hammond organ and $16,000 in cash. At separation her separate assets consisted of an inherited interest in Utah real property, possibly worth $100,000, the same furniture and automobile, a Thomas organ which she had acquired for $6,000 ($3,000 plus the Hammond organ and a Wurlitzer organ she acquired during marriage), a sewing machine and diamond ring (gifts from husband)

and $500 in cash. The only jointly owned asset acquired by the parties during the marriage was a large mobile home. Of the total amount paid for it, husband contributed about $24,000 and wife about $11,000. The mobile home was awarded to husband in the property division.

Wife's separate income consisted of three parts: Social Security, a pension from her Navy employment and a Navy "annuity" as widow of her former husband. The first two items totaled $391 a month. The actual amount of the "annuity" was a matter of some controversy following the trial. On deposition and at trial, wife testified that after the dissolution her "annuity" would be restored and added to the $391 per month; that this "annuity" would have been $125 per month at the time; that she lost it by marrying husband; that it would not be restored until after dissolution of the present marriage and if restored would not exceed $125 per month, with no cost of living adjustment.

Husband contends on appeal that the annuity is now $220.99 per month, not $125, had been restored as of October 1, 1978, a year before trial, and was subject to further cost of living adjustments. Husband attaches photo copies of official correspondence from the Navy Finance Center, Cleveland, Ohio, to his motion and to his brief on appeal in support of this claim. Wife does not dispute these figures in her answering brief.

Husband, after discovering what he asserts was wife's misstatements of the true amount of wife's "annuity," sought to bring the "annuity" matter before the trial court on a motion to reopen and amend the decree. The motion came to naught however when another judge who heard the motion in the absence of the trial judge declined to consider the motion unless both parties so stipulated. Wife declined to stipulate.

After reviewing this record, we conclude that the judge pro tempore erred in refusing to hear husband's motion to reopen and amend the decree.

Accordingly, we remand for consideration of husband's motion.

Remanded with instructions. No costs to either party.